EL PUEBLO, DEMANDANTE Y APELADO, *v.* ALMODÓVAR, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por acometimiento y agresión grave.

No. 2109.—Resuelto en febrero 25, 1924.

ACUSACIÓN—TÉRMINO PARA PRESENTARLA—SOBRESEIMIENTO—JUSTA CAUSA.—El solo hecho de que se cite un gran jurado en cada término, no es justa causa para dejar transcurrir el plazo de sesenta días después de arrestado el acusado sin presentar la acusación. Debió aclararse por qué el Gran Jurado no actuó, cuando en verdad pudo hacerlo, dentro de los sesenta días. Entonces se hubiera estado en condiciones de juzgar si tal motivo era o no justo. No habiéndose hecho tal aclaración y habiendo transcurrido los sesenta días que fija la ley, procede el sobreseimiento de la acusación.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. A. Aponte, Jr.*
Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Juan Almodóvar fué acusado como autor de un delito de atentado a la vida y condenado por acometimiento y agre-

sión grave. No conforme, apeló, señalando en su alegato la comisión de cinco errores. El primero se refiere al incurrido por la corte al negarse a sobreseer la acusación.

De los autos resulta que señalado el 23 de junio de 1922 para la lectura de la acusación que lleva fecha de 12 de junio de 1922, el acusado solicitó el sobreseimiento y archivo de la causa por haber transcurrido más de sesenta días desde que fué detenido hasta la presentación de la acusación, aportando como prueba el *récord* del caso, del cual resulta que fué detenido el 14 de marzo de 1922 y por lo tanto que entre la fecha de la detención y la de la acusación habían transcurrido en efecto más de sesenta días.

Oído el Fiscal, la corte negó el sobreseimiento. En su negativa se expresó como sigue:

"De acuerdo con la Ley del Gran Jurado, en cada término judicial de la corte, es necesario ordenar la insaculación de un Gran Jurado, y es de conocimiento judicial que hubo un término, de marzo a abril, en que se reunió un Gran Jurado en 1 de marzo de 1922, o sea antes del arresto del acusado; que el próximo término fué en mayo y junio, y que en el mes de junio el día 12, se constituyó un Gran Jurado que había sido sorteado el día 1°., y que se sometió a la consideración de ese Gran Jurado el caso cuya acusación se solicita ahora por la defensa el sobreseimiento, por haber transcurrido más de 60 días desde el arresto del acusado hasta la fecha de la presentación de la acusación. De acuerdo con el Art. 448 del Código de Enjuiciamiento Criminal, y la jurisprudencia establecida en los casos de *El Pueblo* vs. *Salinas,* 9 D. P. R. 371 y *El Pueblo* vs. *Ayala,* 19 D. P. R. 936, es necesario que el término transcurrido de 60 días, sea injustificadamente, y si la próxima reunión del Gran Jurado, después del arresto del acusado fué en el mes de junio, el término de 60 días, no había transcurrido injustificadamente. La corte declara sin lugar la moción de sobreseimiento presentada por el acusado."

La defensa insiste en esta Corte Suprema en que la causa que tuvo en cuenta la corte para negar su moción no es justa. El Fiscal de este tribunal mostró su conformidad

con la defensa.   En efecto, la misma corte expresa que uno de los términos de sus sesiones se celebró en mayo y junio de 1922 y que el Gran Jurado no se constituyó hasta el 12 de junio.   Siendo ello así, habiendo podido constituirse el jurado en mayo y no demostrándose que dejara de constituirse en esa fecha por razones necesarias, surge claro el derecho del acusado de acuerdo con la ley y la jurisprudencia citada por la propia corte de distrito.   Como los términos de las cortes de distrito de Puerto Rico son cinco de dos meses cada uno y como se reúne un Gran Jurado cada término, el plazo de sesenta días, que es el doble del fijado en California, no resulta imposible de cumplir.

Debe revocarse la sentencia recurrida y ordenarse el sobreseimiento y archivo de la causa.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.